**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 (Subchapter V) |
| GROOMORE, INC.,[1] | ) ) ) | Case No. 25-10018 (CTG) |
| Debtor. | ) ) ) ) |  |

**DECLARATION OF CHRISTOPHER PELHAM IN SUPPORT OF THE
MOTION OF MOEMENT, INC. FOR ENTRY OF AN ORDER
GRANTING STAY RELIEF AND RELATED RELIEF**

I, Christopher Pelham, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel of record for Plaintiff Moement, Inc. ("**Plaintiff**") in the case of *Moement, Inc. v. Groomore, Inc., et al.*, No. 2:22-CV-02871-WJH (C.D. Cal.) (the "**Trade Secret Litigation**"). I submit this Declaration in support of the Motion of Moement, Inc. for Entry of an Order Granting Stay Relief and Related Relief (the "**Motion**"). I am familiar with the below-referenced facts and materials, and if called upon, can and would competently testify as to those facts and materials.

2. Attached to this Declaration as Exhibit 1 is Plaintiff's Complaint in the Trade Secret Litigation.

3. Attached to this Declaration as Exhibit 2 is the docket sheet for the Trade Secret Litigation as of January 23, 2025.

---

[1] The last four digits of the Debtor's federal tax identification number are 1990. The Debtor's mailing address is 1445 Woodmont Ln, NW, Atlanta, GA 30318.

4. Attached to this Declaration as the following exhibits are agreements that Defendant Chunliang Lin signed with Moement, Inc., and which Lin authenticated in his deposition testimony:

    (a) Exhibit 3 to this Declaration is the Founder Advisor Agreement.

    (b) Exhibit 4 to this Declaration is an Independent Contractor Agreement.

    (c) Exhibit 5 to this Declaration is a Mutual Confidentiality Agreement.

5. Attached to this Declaration as Exhibit 6 are relevant portions of the transcript of the July 9, 2024 deposition of Chunliang Lin referenced in the Motion.

6. Attached to this Declaration as Exhibit 7 are portions of the July 23, 2024 deposition of Ethan Dong.

7. Attached to this Declaration are the following exhibits that Plaintiff has already identified for use in trial in the Trade Secret Litigation:

    (a) Trial Exhibit 199, which is a copy of Google Maps Terms of Service, as Exhibit 8 to this Declaration.

    (b) Trial Exhibit 122, which is from the signature page from Zhang's employment contract with Moement, Inc. showing his email as "zhang.jije@163.com", as Exhibit 9 to this Declaration.

    (c) Trial Exhibit 131, which is a WeChat (a social media platform in China) chat log between Emma Chen and a user named "Zoe," and which is translated from Chinese to English, as Exhibit 10 to this Declaration.

    (d) Trial Exhibit 1001, which is the curriculum vitae for Dr. Craig Rosenberg, as Exhibit 11 to this Declaration.

(e) Trial Exhibit 196, which is a ValueCoders article cited by Defendants' expert Kalyan Banerjee, as Exhibit 12 to this Declaration.

(f) Trial Exhibit 159, which is a screenshot of the access token for the "jz099" Github that Plaintiff's technicians saw in Groomore's front end code, as Exhibit 13 to this Declaration.

(g) Trial Exhibit 178, which shows the commit log for the "jz099" Github by account user zhang.jije@163.com, as Exhibit 14 to this Declaration.

(h) Trial Exhibit 149, which is screenshots of Moement's customer data that Plaintiff's technicians saw in the Github account belonging to Jie Zhang, as Exhibit 15 to this Declaration.

(i) Trial Exhibit 177, which shows Groomore soliciting MoeGo's customers on social media, as Exhibit 16 to this Declaration.

(j) Trial Exhibit 185, which shows Groomore soliciting MoeGo's customers on social media, as Exhibit 17.

(k) Trial Exhibit 186, which shows Groomore soliciting MoeGo's customers on social media, as Exhibit 18 to this Declaration.

(l) Trial Exhibit 134, which shows Groomore advertising to enroll customers as of October 25, 2020, as Exhibit 19 to this Declaration.

(m) Trial Exhibit 135, which shows Groomore emailing MoeGo customers to enroll them as seed users on October 26, 2020, as Exhibit 20 to this Declaration.

(n) Trial Exhibit 179, which shows code lines from Groomore which reference payment processing functionalities, as Exhibit 21 to this Declaration.

    (o)    Trial Exhibit 141, which shows that Defendant Chunliang Lin did not hire or staff other employees or contractors until November 2022, as Exhibit 22 to this Declaration.

    (p)    Trial Exhibit 121, which shows Defendant Chunliang Lin received payments for contractor work from Plaintiff in August and September of 2020, as Exhibit 23 to this Declaration.

    (q)    Trial Exhibit 193, which is Defendant Chunliang Lin's June 28, 2024 Supplemental Responses to Requests for Admission, Set No. 1 denying he possessed Plaintiff's Google Map API Key, as Exhibit 24 to this Declaration.

    (r)    Trial Exhibit 189, which is Defendant Groomore, Inc.'s August 28, 2023 Verified Supplemental Responses to Interrogatories Set No. 1 where Defendant Chunlian Lin states he personally audited Groomore's source code, as Exhibit 25 to this Declaration.

    (s)    Trial Exhibit 161, which are comparisons of the source code found in the "jz099" Github with Plaintiff's source code that shows they are identical except for changes to reference Groomore, as Exhibit 26 to this Declaration.

    (t)    Trial Exhibit 166, which is the summary of Plaintiff's damages expert recommended damages calculation for Plaintiff's claims, as Exhibit 27 to this Declaration.

8.    Attached to this Declaration as Exhibit 28 are relevant portions of the transcript of the July 10, 2024 deposition of Chunliang Lin referenced in the Motion.

9. Attached to this Declaration as Exhibit 29 are relevant portions of the transcript of the August 29, 2024 deposition of Defendants' software engineering expert Kaylan Banerjee.

10. Attached to this Declaration as Exhibit 30 are relevant portions of the transcript of the August 26, 2024 deposition of Plaintiff's software engineering expert Dr. Craig Rosenberg.

11. Attached to this Declaration as Exhibit 31 is the Declaration of Emma Chen filed in support of Plaintiff's *ex parte* application to reopen discovery in the Trade Secret Litigation.

12. As Plaintiff's expert in software engineering opined in his expert report, the code phrase "MoeGo Online Booking" had been "removed and was no longer found in the Groomore source code" Plaintiff's expert inspected during discovery in the Trade Secret Litigation.

13. Plaintiff has designated Defendant Chunliang Lin, as principal of the debtor Groomore, Inc., as a witness and intends to examine him on the stand at trial concerning his deposition testimony that is contradicted by the record evidence.

14. Attached to this Declaration as Exhibit 32 is the District Court's ruling granting Plaintiff's *Daubert* motion in full and denying Defendants' *Daubert* motion in full in the Trade Secret Litigation.

15. Attached to this Declaration as Exhibit 33 is the District Court's ruling granting Plaintiff's motion to admit the evidence found in the "jz099" Github in the Trade Secret Litigation.

16. In the weeks leading up to trial, the Debtor's counsel in the Trade Secret Litigation stopped meeting-and-conferring with Plaintiff's counsel and participating in the preparation of pretrial documents. While counsel participated in an in-person pretrial conference-of-counsel on October 15, 2024, his last communication with Plaintiff's counsel regarding pretrial filings was on November 1, 2024. Multiple joint filings and conferences were required after that date to prepare for trial set for January 13, 2025.

17. Attached to this Declaration as Exhibit 34 is the status report Plaintiff submitted in the Trade Secret Litigation detailing the Debtor's counsel's non-participation.

18. Attached to this Declaration as Exhibit 35 is the transcript for the pretrial status conference in the Trade Secret Litigation on January 10, 2025, held one court day before trial on January 13, 2025.

19. Attached to this Declaration as Exhibit 36 is the Court's ruling in the Trade Secret Litigation that indicated the Court will resolve all of Defendants' pretrial objections and motions in favor of Plaintiff due to Defendants' counsel's failure to defend or participate in the pretrial process.

20. Attached to this Declaration as Exhibit 37 is the District Court's July 2, 2024 Order granting Plaintiff's request for an entry of default against defendant Jie Zhang in the Trade Secret Litigation.

21. Plaintiff in the Trade Secret Litigation has already done all the preparation needed to go immediately to trial, including designating deposition testimony, printing exhibit binders, creating deposition video clips, working with out-of-town witnesses (namely, two of Plaintiff's experts) on travel arrangements, and drafting opening statements.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2025        */s/ Christopher Pelham*
Christopher Pelham, Esq.
Norton Rose Fulbright US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California, 90071
(213) 892-9221
christopher.pelham@nortonrosefulbright.com

*Counsel to Moement, Inc.*